IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-265-RJC-DCK

| | |
|---|---|
| MOUNTAIN FUNDING, LLC, | ) |
|         Plaintiff, | ) |
| v. | )   **MEMORANDUM AND** |
| | )   **RECOMMENDATION** |
| WIEDER JEWELERS, INC., | ) |
| WIEDER FAMILY LIMITED | ) |
| PARTNERSHIP, AND HERBERT | ) |
| WIEDER, | ) |
|         Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss" (Document No. 12). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff Mountain Funding, LLC ("Plaintiff" or "Mountain Funding") initiated this action by the filing of its "Complaint - Declaratory Judgment" (Document No. 1) on June 14, 2010. The Complaint seeks declaratory judgment pursuant to 28 U.S.C. § 2201. (Document No. 1, p.6). Specifically, Plaintiff "prays that the Court enter judgment declaring that Mountain Funding has complied with any and all obligations under the Loan Participation Agreements." Id. at p.7.

As the basis for its lawsuit, Plaintiff contends that Defendants Wieder Jewelers, Inc. ("Wieder Jewelers"), Wieder Family Limited Partnership ("Wieder Family LP"), and Herbert

Wieder ("Wieder")(collectively "Defendants") have threatened to sue Plaintiff. Id. at pp.1-2. According to the Complaint, Plaintiff "is in the business of providing private capital sources to principals in commercial and residential real estate projects, among other things" and "[a]s part of its business, Mountain Funding allows investors to obtain participation interests in the loans it makes ...." Id. at p.3. Here, one or more Defendants, through Steinberg Global Asset Management, Ltd. ("Steinberg"), entered into a total of four Loan Participation Agreements with Plaintiff between 2005 and 2008. Id. at p.3-4. Those investments related to properties in Florida, California, South Carolina, and Mississippi. Id. Plaintiff describes the total amount of the investments as being "in the millions of dollars," but Defendants' total investment with Plaintiff was "approximately $524,638.00." Id. at pp.1,6. The Complaint asserts that on May 14, 2010, Wieder caused an email to be sent to Steinberg "claiming Mountain Funding breached its obligations under one or more Loan Participation Agreements or was otherwise responsible for the investment losses suffered by Defendants." Id. at p.6. Based on that one email, Plaintiff contends that an "actual and justiciable controversy has arisen" and that a "judicial declaration is necessary" to ascertain the rights, duties and obligations of the parties. Id. at p.7.

On September 20, 2010, after multiple extensions of time to answer or otherwise respond, Defendants filed their "...Motion To Dismiss" (Document No. 12) pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). In short, Defendants contend that there are insufficient minimum contacts to establish personal jurisdiction in this forum, and that even if there is personal jurisdiction, there is not an "actual case or controversy" and therefore Plaintiff has failed to state a claim upon which relief can be granted. (Document No. 12). Defendants' Motion To Dismiss has been fully briefed and is now ripe for disposition.

## II. STANDARDS OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(2)

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence. . . . [W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676. (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F.Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, 2006 WL 3780422 at *1 (W.D.N.C. December 20, 2006). "Rather, in such a case, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." Id.

Questions of jurisdiction are answered by a two-step analysis: (1) the court must determine whether the North Carolina long-arm statute confers personal jurisdiction; and (2) the court must determine whether the exercise of that statutory power will violate the due process clause of the U.S.

Constitution. Gen Latex & Chem. Corp. v. Phoenix Med. Tech., 765 F.Supp. 1246, 1248-49 (W.D.N.C. 1991). The statutory inquiry merges with the constitutional inquiry, essentially becoming one. See ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir.1997).

There are two varieties of personal jurisdiction, general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state and is not at issue in the instant case. Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit *arising out of* or *related to* the defendant's contacts with the forum. Helicopterous Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The Fourth Circuit has "synthesized the Due Process Clause for asserting specific jurisdiction into a three-part test . . . '(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" New Wellington, 416 F.3d at 294 (citing Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004).

**B. Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551

4

F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendants correctly boil down the issues before the Court to: (1) whether the Court has personal jurisdiction over the Defendants; and (2) whether there is an actual case or controversy that gives rise to a declaratory judgment action. (Document No. 17, p.1).

**A. Personal Jurisdiction**

When a district court determines personal jurisdiction on the basis of briefs and the allegations in the complaint, without an evidentiary hearing, "the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional

5

challenge." Consulting Engineers, Inc. v. Geometric Limited, 561 F.3d 273, 278 (4th Cir. 2009) citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); see also, Sweezy v. Specialized Bicycle Components, Inc., 3:08-CV-268-GCM, 2009 WL 382719 at *1 (W.D.N.C. Feb. 12, 2009). A federal court exercises personal jurisdiction over a defendant in the manner provided by state law. ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997); Fed.R.Civ.P. 4(k)(1)(A). The Court must first consider whether the forum state's long-arm statute authorizes personal jurisdiction. Consulting Engineers, 561 F.3d at 277.

### 1. Long-Arm Statute

The North Carolina Long-Arm Statute authorizes the exercise of jurisdiction over a defendant in twelve circumstances. N.C. Gen. Stat. § 1-75.4(1)-(12). Plaintiff's Complaint contends the Court has personal jurisdiction over Defendants pursuant to N.C. Gen. Stat. § 1-75.4, but does not identify which of the provisions Plaintiff contends are applicable. (Document No. 1). Plaintiff's opposition to the motions to dismiss (Document No. 15) acknowledges that "the exercise of jurisdiction must be authorized by the long-arm statute of the forum state" but fails to specifically identify any applicable provision of the statute. (Document No. 15, p.5). Plaintiff's brief in opposition then states that the "long-arm statute is conterminous with the limits of Due Process" and that the inquiry collapses into one of the defendants' minimum contacts with the forum. Id.

### 2. Due Process

If personal jurisdiction is authorized under the long-arm statute, a court must next consider whether there are sufficient contacts with the forum state to meet the requirements of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. There are two categories of personal jurisdiction, general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state. Specific jurisdiction exists

when a court exercises personal jurisdiction over a defendant in a suit *arising out of* or *related to* the defendant's contacts with the forum. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

      a. General Jurisdiction

"The Fourth Circuit has described the threshold level of minimum contacts required for general jurisdiction as 'significantly higher than for specific jurisdiction' and as 'very substantial, indeed.'" Sweezy, 2009 WL 382719 at *2 quoting EASB Group, 126 F.3d at 623-24. In the instant case, Plaintiff has not argued that there is general jurisdiction over the Defendants, focusing instead on "specific personal jurisdiction," and the facts as alleged certainly do not support a finding that Defendants' contacts with this forum were substantial, or continuous and systematic.

      b. Specific Jurisdiction

Specific jurisdiction is based on the concept that a party who enjoys the privilege of conducting business in the forum state should bear the reciprocal obligation of answering to legal proceedings in that forum state. International Shoe v. Washington, 326 U.S. 310, 319 (1945). However, "to justify the exercise of personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must have been so substantial that 'they amount to a surrogate presence and thus render the sovereignty just.'" Consulting Engineers, 561 F.3d at 277-78 (quoting ESAB Group, 126 F.3d at 623). It is essential that a plaintiff show that a defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Each defendant's contacts with a forum state must be assessed individually. Calder v. Jones, 465 U.S. 783, 790 (1984). As noted above, the Fourth Circuit has "synthesized the due process requirement for asserting specific personal jurisdiction in a three-part test . . . (1) the extent

7

to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" Consulting Engineers, 561 F.3d at 278 (quoting ALS Scan, Inc v. Digital Service Consultants, Inc., 293 F.3d at 712).

The dispute here hinges on the significance of Defendants' contacts with North Carolina and whether the exercise of personal jurisdiction is constitutionally reasonable. In their "Brief In Support Of Defendants' Motion To Dismiss" (Document No. 13), and the attached "Declaration" (Document No. 13-1) of Wieder, Defendants describe their contacts, and/or lack thereof, with North Carolina.

First, Defendants contend that none of them are residents of North Carolina; none of them conduct business in North Carolina; and none of the loan transactions that are the subject of the lawsuit took place in North Carolina. (Document No. 13, p.1). More specifically, the papers indicate that (1) Wieder is a resident of Florida; (2) Wieder Jewelers was located in Florida and closed in 2008; (3) Wieder Family LP was created under Delaware law; (4) Wieder Jewelers, and later Wieder Family LP, invested with Plaintiff through Wieder's financial advisor, Steinberg, in Florida; (5) Defendants' investments relate to properties in several states, none of which include North Carolina; (6) the May 14, 2010 email that sparked this action was apparently sent from Wieder in Florida, to his investment advisor in Florida, expressing frustration with a project in Mississippi, and was never intended to be forwarded to Plaintiff; (7) Wieder has not visited North Carolina in twenty years except for a stop for lunch; (8) all of Defendants' limited communications with Plaintiff have been through Steinberg; and (9) Defendants executed all relevant documents in Florida. (Document Nos. 13 and 13-1).

In response, Plaintiff contends that Defendants purposefully availed themselves of the benefits and protections of North Carolina law by establishing a business relationship with Plaintiff, which is based in Charlotte, North Carolina. (Document No. 15, pp.6-7). Furthermore, Plaintiff asserts that the invested funds were wired to Plaintiff's bank account in Charlotte and that the Loan Participation Agreements contain a choice of law provision providing for the application of North Carolina law. Id. at p.8.

Defendants contend that "other than the contract itself, the Defendants have absolutely no connection with the state of North Carolina." (Document No. 17, p.3). Defendants acknowledge the choice of law provision, but note that there is no forum selection clause. (Document No. 13, p. 5). Defendants argue that "while a choice of law provision may be one factor in considering personal jurisdiction, a choice of law provision standing alone does not confer personal jurisdiction." Id. (citing Consulting Engineers, 561 F.3d at 281)(affirming district court's dismissal of lawsuit because plaintiff failed to demonstrate the defendants had sufficient contacts, despite the existence of a choice of law provision in a contract between the parties); see also, Setra of North America, Inc. v. Schar, 2004 WL 1554195 at *5 (M.D.N.C. July 7, 2004)("simply entering into a contract in a state is not enough, by itself, to establish personal jurisdiction."). "The jurisdictional inquiry remains centered on the extent, nature, and quality of [Defendants'] contacts with [North Carolina]. Consulting Engineers, 561 F.3d at 281.

The undersigned finds Defendants' contacts with this forum analogous to, and perhaps even less than, those of the defendants in Consulting Engineers, where the Fourth Circuit affirmed a finding of insufficient contacts for specific personal jurisdiction. In the instant case, the undersigned is not persuaded that Defendants' limited contacts with North Carolina – purportedly only in the context of four Loan Participation Agreements sent to Defendants' investment adviser in Florida,

9

and funds wired to a bank in Charlotte, North Carolina for investment in other states – are so substantial as to amount to a surrogate presence in this forum and support specific jurisdiction. Moreover, Plaintiff has made no attempt to individually assess each defendant's contacts with North Carolina. See Calder v. Jones, 465 U.S. 783, 790 (1984).

Construing all relevant pleadings in the light most favorable to Plaintiff, assuming credibility, and drawing the most favorable inferences for the existence of jurisdiction, the undersigned nevertheless does not find that application of the Fourth Circuit's three-part test for specific jurisdiction supports Plaintiff's position. See Consulting Engineers, 561 F.3d at 278 (quoting ALS Scan, 293 F.3d at 712). Plaintiff has not met its burden of showing by a preponderance of the evidence that Defendants purposefully availed themselves of the privilege of conducting activities in this State, or that the exercise of personal jurisdiction would be constitutionally reasonable. The alleged contacts simply appear to be too attenuated.

"[T]he Fourth Circuit has made it clear that due process requires that a defendant's contacts with the forum state be tantamount to physical presence there." Ritz Camera Centers, Inc. v. Wentling Camera Shops, Inc., et al., 982 F.Supp. 350, 353 (D.Md. 1997). The undersigned cannot find that Defendants' limited contacts are tantamount to a physical presence in North Carolina. Based on the foregoing, the undersigned will respectfully recommend that the Defendants' motion to dismiss be granted.

## B. Actual Case or Controversy

Although the lack of personal jurisdiction provides sufficient cause for dismissal, the undersigned will briefly address Defendants' alternative argument that there is no "actual case or controversy" here. Defendants contend that the lack of a case or actual controversy means that this

matter could be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. (Document No. 13).

The Federal Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[T]he Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 257 (4th Cir. 1996). In this case, the undersigned will recommend that the presiding judge exercise the Court's discretion to dismiss this action, even if he finds there to be personal jurisdiction, based on a lack of an actual case or controversy.

Defendants acknowledge that a specific threat of litigation may be sufficient to give rise to a case or controversy, but argue that more than the solitary email at the root of this lawsuit is required. (Document No. 13, p.12)(citing Volvo Const. Equip., N. Am. Inc. v. CLM Equip. Co., 386 F.3d 581, 593 (4th Cir. 1993)). The undersigned agrees.

In the instant case, Defendant Wieder sent an email to his investment advisor, Richard Steinberg, stating that he was "contemplating legal action" against Plaintiff; that he would accept a settlement of $350,000; and giving Plaintiff one week to respond to his offer. (Document No. 15-1). That email appears to have been forwarded to Plaintiff about four hours later by another employee of Steinberg. Id. Subsequent events appear to support Defendants' position that this email was intended as a "venting" to a personal investment advisor, rather than as a threat of

11

litigation to Plaintiff. There is no dispute that Wieder's one week "deadline" passed without any further action and that by the time Plaintiff filed this lawsuit four weeks after the email, Defendants had still not taken any legal action or communicated any further demands. In fact, now almost eight (8) months later there is no evidence before the Court that Defendants are pursuing litigation related to these matters.

Based on the foregoing, the undersigned is not persuaded that Plaintiff has met its burden of showing an actual case or controversy by a preponderance of the evidence. Setra, 2004 WL 1554195 at *9 (M.D.N.C. July 7, 2004). As in Setra, the undersigned does not find that the demand letter in question "was sufficient to create an objectively reasonable apprehension on [Plaintiff's] part that litigation was imminent on the issues raised in the letter." Id. at *10.

> Even if the Court were to find that a case or controversy existed to support Setra's claim under the Declaratory Judgment Act, the Court still retains discretion as to whether or not to hear the action. State Farm and Casualty Co. v. Taylor, 118 F.R.D. 426, 428 (M.D.N.C.1988). This discretion must be exercised by weighing the need for declaratory relief against the consequences of giving relief. Id. at 429. It would appear that in a case, such as the instant one, where it is a close call as to whether there is a case or controversy, the exercise of discretion would be particularly appropriate.

Id.

The undersigned is also somewhat persuaded that the Court should decline to hear this action for declaratory judgment because of uncertainty regarding the relief actually being sought. Specifically, Plaintiff contends that a "judicial declaration is necessary and appropriate at this time so that: (a) the parties may ascertain their rights, duties and obligations with respect to *any claims by Defendants*." (Document No. 1, p.7)(emphasis added). At this point, however, Defendants have made no claims against Plaintiff, so the Court is in a difficult position to ascertain the rights, duties and obligations of the parties with respect to claims that have not been articulated.

Plaintiff asks the Court to declare that Plaintiff has complied with "any and all" obligations under the Loan Participation Agreements. Apparently, although it is not stated, Plaintiff seeks a ruling regarding *all* of the Loan Participation Agreements, even though the underlying email seems to specifically address only one of the Agreements. The Complaint states that "Defendants have claimed in writing that Mountain Funding has breached its obligations under one or more Loan Participation Agreements." (Document No. 1, p.7). The undersigned has been unable to confirm that Defendants made such a claim of breach, in writing or otherwise, as alleged by the Complaint. Such language does not appear in the May 14, 2010 email from Wieder.

The undersigned agrees with Defendants that the relief Plaintiff appears to seek "will require an in-depth analysis of Plaintiff's actions on each of four separate loan transactions spanning many years to determine whether it complied with its contractual and legal duties." Based on the lack of personal jurisdiction, serious doubt regarding the existence of an actual case or controversy, and the ambiguity of the relief sought, the Court in its discretion should "yield[] to considerations of practicality and wise judicial administration" and dismiss this action without prejudice. Centennial Life Ins. Co., 88 F.3d at 257.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion To Dismiss" (Document No. 12) be **GRANTED**.

### V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections.

Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenhour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad.

**IT IS SO RECOMMENDED**.

Signed: January 13, 2011

David C. Keesler
United States Magistrate Judge