UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-265 RJC-DCK

| | |
|---|---|
| MOUNTAIN FUNDING, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WIEDER JEWELERS, INC., WIEDER )<br>FAMILY LIMITED PARTNERSHIP, and )<br>HERBERT WIEDER )<br>)<br>Defendants. ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant Wieder Jewelers, Inc., Wieder Family Limited Partnership, and Herbert Wieder's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Doc. No. 12), Plaintiff's Response in Opposition (Doc. Nos. 14-16), Defendants' Reply (Doc. No. 17), and the Memorandum and Recommendations (M&R) of the Magistrate Judge (Doc. No. 18). The plaintiff did not file an objection to the M&R, and the time for objecting has passed. For the reasons stated below, this Court will ADOPT the M&R and GRANT Defendants' Motion to Dismiss.

**I. BACKGROUND**

Neither party has objected to the magistrate judge's statement of the factual and procedural background of this case; thus, the Court adopts the facts as set forth in the M&R.

**II. STANDARD OF REVIEW**

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005)

(quoting 28 U.S.C. § 636(b)(1)). Where timely objections are not filed, a district court is not required to conduct a de novo review, but must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quoting Fed. R. Civ. P. 72 advisory committee note) (internal quotation omitted). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has reviewed the Magistrate Judge's M&R.

## III. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(c), a party is given fourteen (14) days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. See 28 U.S.C. § 636(b)(1)(c); see also, Fed. R. Civ. P. 72(b)(2). The parties here were notified that objections to the M&R must be filed within this time frame. Mountain Funding, LLC did not file any objections as of the date of this Order. Considering no objections were filed, and after a review of the record in this case, the Court finds that the Magistrate Judge's finding that this Court does not have personal jurisdiction over the defendants, and its recommendation that the Motion to Dismiss be granted, are consistent with and supported by law.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R (Doc. No. 18) is hereby **ACCEPTED AND ADOPTED**.

2. Defendants' Motion to Dismiss for Failure to State a Claim and Lack of

Jurisdiction (Doc. No. 12) is **GRANTED.**

Signed: March 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge